U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

MAR 2 8 2008

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| ADNAN HASSAN ZAIDI,<br>Petitioner | CIVIL ACTION<br>NO. CV08-0138-A |
| VERSUS | |
| MICHAEL MUKASEY, et al.,<br>Respondents | JUDGE DEE D. DRELL<br>MAGISTRATE JUDGE JAMES D. KIRK |

REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

Adnan Hassan Zaidi ("Zaidi") filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on January 24, 2008. Zaidi, a native and citizen of Pakistan, contends his order of removal from the United States of America became final on February 22, 2007, and he has been detained by the Bureau of Immigration and Customs Enforcement ("BICE") since March 29, 2007. Zaidi alleges Pakistan has denied him travel documents and there is no significant possibility that he will be removed in the reasonably foreseeable future. The sole relief sought by Zaidi is release from detention pending removal from this country, pursuant to Zadvydas v. Davis, 533 U.S. 678, 121 S.Ct. 2491 (2001). Zaidi was being detained in the LaSalle Detention Facility in Jena, Louisiana, but on March 12, 2008, Zaidi's mail from this court was returned as undeliverable (Doc. 6).

The respondents file a motion to dismiss (Doc. 9), accompanied

by documentary evidence which shows Zaidi was released from custody, under supervision, on January 30, 2008 (Doc. 9, Exs.).

Since Zaidi has been afforded the sole relief sought in his habeas petition, his petition should be dismissed as moot.[1]

## Conclusion

Based on the foregoing discussion, IT IS RECOMMENDED that Zaidi's habeas petition be DENIED AND DISMISSED WITH PREJUDICE AS MOOT.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **ten (10) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District

---

[1] It is further noted that Zaidi failed to apprise the court of his change of address. Local rule LR41.3W provides that the failure of a pro se litigant to keep the Court apprised of an address change may be considered cause for dismissal for failure to prosecute when a notice is returned to the Court for the reason of an incorrect address and correction is not made to the address for a period of 30 days. Since Zaidi failed to inform the court of his address change within 30 days after his mail was returned to the Clerk of Court, and has made no inquiry about this case nor attempted in any way to further prosecute the case, this case could also be dismissed without prejudice for failure to prosecute pursuant to LR41.3W and Rule 41(b) of the Federal Rules of Civil Procedure as interpreted by the Court and under the Court's inherent power to control its own docket. <u>Link v. Wabash Railroad Co.</u>, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.734 (1962); <u>Rogers v. Kroger Co.</u>, 669 F.2d 317, 320-21 (5th Cir. 1982).

Judge at the time of filing. Timely objections will be considered by the district judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Alexandria, Louisiana, on this 28 day of March, 2008.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE

3